### HARLAN–WALLINS COAL CORPORATION v. TRANSCONTINENTAL OIL CO.

Patent Appeal No. 3115.

Court of Customs and Patent Appeals.
April 17, 1933.

Chas. R. Allen, of Washington, D. C., for appellant.

Munn, Anderson, Stanley, Foster & Liddy, of New York City (Sylvester J. Liddy, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant filed its application in the United States Patent Office for registration of a trade-mark claimed to be used by it since February 15, 1930, in connection with the sale of coal. The mark consists of the words:

"Marathon Coal

"Best in the Long Run."

The word "coal" was disclaimed, except in connection with the mark.

The appellee opposed the mark, claiming confusing similarity with a registered mark owned by it and used on goods of the same descriptive properties. This mark consists of a representation of a youth, running, with the words "Marathon Products" superimposed, and with the slogan underneath: "Best in the Long Run," which mark was duly registered on November 30, 1920, and was and is used in connection with the sale of "carbon or water-white burning-oils, refined and semirefined petroleum, kerosene, gasolene, benzin, and naphtha, lubricating greases, and lubricating and illuminating oils." Other earlier registered marks are pleaded, but the same need not now be considered.

The Commissioner affirmed the decision of the Examiner of Interferences sustaining the opposition and denied registration.

The evidence of record shows quite clearly that the opposer and its predecessors in title have been using their registered mark in connection with the sale of fuel oil continuously since a date long prior to February 15, 1930. The record also establishes the facts that fuel oil and coal are sold in competition with each other, and, oftentimes, by

the same dealers, and that fuel oil is semire-fined petroleum.

It is not seriously contended that the marks are not confusingly similar. The only issue is upon whether the goods are of the same descriptive properties.

We are clearly of opinion that they are. They are used for the same purposes, and are sold in competition with each other, by the same dealers, have, to a degree, the same origin, and are closely associated in the public mind. In such cases, it needs little argument to convince one that the prior owner and user of a registered trade-mark on one of these products should be protected against registration of substantially the same mark, by a newcomer who sells the other product.

The use of coal and oils as fuel is so near akin that we have said that devices for feeding the same, respectively, to furnaces, are goods of the same descriptive properties. Cross v. Williams Oil-O-Matic H. Corp., 48 F.(2d) 659, 18 C. C. P. A. 1192; Williams Oil-O-Matic H. Corp. v. Bliss, 54 F.(2d) 430, 19 C. C. P. A. 821.

It is stated by appellant that the Patent Office, in its classification of various products, has placed gasoline and oils in "Class 15, Oils and Greases" and coal in "Class 1, Raw and Partly Prepared Materials." From this fact it is argued that the court should follow this classification and hold that the goods are not of the same descriptive properties. In support of this contention, counsel for appellant relies upon two authorities, Cross v. Williams Oil-O-Matic H. Corp., supra, and Beech-Nut Co. v. Lorillard Co., 273 U. S. 629, 47 S. Ct. 481, 71 L. Ed. 810.

We are unable to see where this point was involved in the decision of the first case cited. The latter case originated in the United States District Court of the District of New Jersey. Beech-Nut Packing Co. v. P. Lorillard Co., 299 F. 834, was appealed to the Circuit Court of Appeals, Third Circuit, 7 F.(2d) 967, and finally was taken by the Supreme Court on writ of certiorari. 269 U. S. 551, 46 S. Ct. 203, 70 L. Ed. 407. The Patent Office classification is mentioned in the opinions filed in the two inferior courts, but only as a circumstance bearing upon the alleged similar descriptive properties of the articles involved, namely, food products on the one hand, and tobacco on the other. The Supreme Court does not discuss this question. Careful consideration of these cases leads to the conclusion that it was the general character of the goods involved, and the liability of confusion, rather than the Patent Office classification, that led to the judgment that the goods were not of the same descriptive properties.

This court has never deemed the Patent Office classification of articles to be of controlling importance in the ascertainment of whether two articles are of the same descriptive properties. In fact, we have many times held to the contrary. Cluett, Peabody & Co. v. Hartogensis, 41 F.(2d) 94, 17 C. C. P. A. 1166; Kotex Co. v. McArthur, 45 F.(2d) 256, 18 C. C. P. A. 787; Celanese Corp. of Am. v. Vanity Fair Silk Mills, 47 F.(2d) 373, 18 C. C. P. A. 958; Procter & Gamble Co. v. Prescott Co., 49 F.(2d) 959, 18 C. C. P. A. 1433; Gilbert Co. v. Gilbert Choc. Co., 48 F.(2d) 930, 18 C. C. P. A. 1267.

Each case involving the issue of goods of the same descriptive character must be settled on its own facts. There is no hard and fast rule which can be announced in such cases. In determining the issue in such cases, we will consider, among other things, "the use, appearance, and structure of the articles, the similarity * * * of the packages or containers in which, the place or places where, and the people to whom, they were sold." Williams Oil-O-Matic Heat. Corp. v. Westinghouse Elec. & Mfg. Co., 62 F.(2d) 378, 379, 20 C. C. P. A. ——.

We find no error in the decision of the Commissioner, and it is affirmed.

Affirmed.